■ In the Matter of GERALDINE B. CLEARY, Respondent, v. JAMES N. CLEARY, SR., Appellant.— In a support proceeding pursuant to article 4 of the Family Court Act, the appeal is from an order of the Family Court, Orange County, dated January 8, 1973 and made after a hearing, which committed appellant to the Orange County Jail for six months, upon a finding that he willfully disobeyed a support order of said court. Order summarily reversed, on the law, without costs, and proceeding remanded to the Family Court for further proceedings not inconsistent herewith. It appears that the court reporter who stenographically recorded the minutes of the hearing has died and that no one is able to read the stenographic record for the purpose of transcribing it for review on this appeal. Accordingly, the order must be reversed summarily. Hopkins, Acting P. J., Martuscello, Shapiro, Christ and Brennan, JJ., concur. .

■ In the Matter of CAROL HOLMES, Respondent, v. HAROLD HOLMES, Appellant.— In a support proceeding pursuant to article 4 of the Family Court Act, the appeal is from an order of the Family Court, Orange County, dated April 24, 1973 and made after a hearing, which committed appellant to the Orange County Jail for six months, upon a finding that he willfully disobeyed a support order of said court. Order summarily reversed, on the law, without costs, and proceeding remanded to the Family Court for further proceedings not inconsistent herewith. It appears that the court reporter who stenographically recorded the minutes of the hearing has died and that no one is able to read the stenographic record for the purpose of transcribing it for review on this appeal. Accordingly, the order must be reversed summarily. Hopkins, Acting P. J., Martuscello, Shapiro, Christ and Brennan, JJ., concur.

■ In the Matter of DOROTHY JENNINGS, Respondent, v. FRED JENNINGS, Appellant.— In a support proceeding pursuant to article 4 of the Family Court Act, the appeal is from an order of the Family Court, Orange County, dated January 2, 1973 and made after a hearing, which committed appellant to the Orange County Jail for six months, upon a finding that he willfully disobeyed a support order of said court. Order summarily reversed, on the law, without costs, and proceeding remanded to the Family Court for further proceedings not inconsistent herewith. It appears that the court reporter who stenographically recorded the minutes of the hearing has died and that no one is able to read the stenographic record for the purpose of transcribing it for review on this appeal. Accordingly, the order must be reversed summarily. Hopkins, Acting P. J., Martuscello, Shapiro, Christ and Brennan, JJ., concur.

## THIRD DEPARTMENT, MAY, 1973

## (May 3, 1973)

■ CHRIST PANAGIOTOU, Appellant, v. J. KENNETH JOHNSON et al., Respondents.— Judgment, Supreme Court, Madison County, entered on December 14, 1971, affirmed, without costs, on the opinion of Zeller, J., at a Trial Term. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Kane, JJ., concur.